UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lawrence E. Wilson,

    Plaintiff,

v.

    Case No. 2:14–cv–2184

Janis Peterson, *et al.*,

    Judge Michael H. Watson

    Defendants.

## OPINION AND ORDER

Lawrence E. Wilson ("Plaintiff"), proceeding *pro se*, brought this lawsuit under 42 U.S.C. § 1983, alleging violations of his Eighth Amendment and First Amendment rights. Compl., ECF No. 3. Defendants moved to dismiss the Complaint for failure to state a claim. Mot. Dismiss, ECF No. 5. Magistrate Judge Kemp recommended in his Report and Recommendation ("R&R") that the Court grant Defendants' motion to dismiss. R&R 15, ECF No. 10. Plaintiff objected to the R&R. Obj., ECF No. 11. For the following reasons, Plaintiff's objections are **OVERRULED**.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff was, at all relevant times, an inmate at the Ohio Department of Rehabilitation and Correction ("ODRC") at the Madison Correctional Institution ("MACI") in London, Ohio. R&R 1, ECF No. 10. He is currently incarcerated at the Franklin Medical Center ("FMC"). Compl., ECF No. 3.

The R&R, ECF No.10, accurately sets forth the facts as follows.

Plaintiff alleged that he was "suffering from [symptoms including] uncontrollable crying, the inability to eat, sleep, [and] concentrate properly, . . . all of which resulted in significant disruption in his daily life[,] and . . . severe mental anguish and pain." R&R 2, ECF No. 10 (quoting Compl. ¶ 4, ECF No. 3). Pursuant to Plaintiff's request for mental health treatment made through "kite" (procedure used for communication between inmates and institutional staff), Defendant Caryn Taylor ("Taylor"), a social worker at MACI, interviewed Plaintiff about his mental condition on August 16, 2013. Plaintiff was put on the wait list for two mental health programs after the interview. On September 9, 2013, Plaintiff had a personality assessment inventory that evaluated his mental health status.

Plaintiff then filed an informal complaint to Defendant Dr. Janis Peterson ("Dr. Peterson"), a mental health professional at MACI. In the complaint, Plaintiff requested further mental health treatment and a follow-up appointment. Dr. Peterson denied Plaintiff's request, stating the treatment Plaintiff had already received was appropriate for his problem.

Plaintiff then filed a notification of grievance with the MACI Institutional Inspector ("Inspector"), stating that he had completed mental health classes that were ineffective and that he required more extensive treatment. The Inspector denied Plaintiff's grievance. According to Plaintiff, after he filed the grievance, he was involuntarily transferred to FMC in retaliation for exercising his First Amendment rights.

After the transfer, Plaintiff appealed the Inspector's decision to the Chief Inspector. The Chief Inspector affirmed that Plaintiff's claim lacked merit.

Defendant Dr. James Pomputius ("Dr. Pomputius") was a mental health professional responsible for providing assessments to inmates at MACI. However, Plaintiff did not allege how Dr. Pomputius was involved in the matter.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." The district judge must determine de novo any part of the magistrate judge's disposition that has been objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

## III. ANALYSIS

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must also "contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012) (internal citations omitted). Finally, "[a]lthough for purposes of a motion to dismiss [a court] must take all the factual allegations in the complaint as true, [it][is] not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) (internal citations omitted).

### A. The Eighth Amendment Claim

To establish an Eighth Amendment violation, Plaintiff must show: (1) that he has a serious medical condition, and (2) that Defendants displayed a deliberate indifference to his medical condition. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Plaintiff alleged in his Complaint that Defendants showed a deliberate indifference to his serious mental condition by failing to provide him with proper mental health treatment and follow-up medical assessment despite his requests. Compl. ¶ 11, ECF No. 3.

In their motion to dismiss, Defendants conceded for the sake of argument that Plaintiff had a serious mental condition and argued that they were not deliberately indifferent to it. Rather, Defendants argued that Plaintiff received medical treatment and that Plaintiff's dissatisfaction with the treatment he

received supports, at most, a malpractice claim. Mot. Dismiss 6, ECF No. 5. Defendants argued that when prison officials provide treatment in good faith but nonetheless fail to restore the prisoner to good health, those officials are not deliberately indifferent to the prisoner's health. *Id.* at 6.

In his response to Defendant's motion to dismiss, Plaintiff argued that the assessment he received was not "treatment" because it was not relevant to his mental health, and Plaintiff was unable to provide input in to the alleged personality assessment inventory. Resp. 4, ECF No. 7. Plaintiff argued that even the most generous interpretation of the evidence could not construe Defendants' action as treatment. *Id.*

Defendants replied that a prisoner has no constitutional right in choosing a particular course of treatment. Reply 2, ECF No. 8. So long as the treatment meets the minimum adequacy requirement, they argued, a mere disagreement over medical judgment does not state a constitutional claim for deliberate indifference. *Id.* at 3.

Magistrate Judge Kemp considered the arguments above in the R&R. He noted that the Complaint concedes that Plaintiff did receive treatment, and Plaintiff failed to address the significant distinction between a claim alleging a complete denial of care and a claim alleging inadequate medical care. R&R 11, ECF No. 10. Magistrate Judge Kemp concluded that Plaintiff's dissatisfaction with the medical treatment might support a medical malpractice claim but falls short of demonstrating Defendants' deliberate indifference to his serious medical

condition. *Id.* at 12–13. Thus, Magistrate Judge Kemp recommended dismissing Plaintiff's Eighth Amendment claim on the ground that he failed to allege deliberate indifference.

With respect to Drs. Peterson and Pomputius, Magistrate Judge Kemp separately concluded that Plaintiff did not allege any direct involvement or affirmative action by them *Id.* at 13. He noted that attempts to impose liability by mere virtue of respondeat superior are not sufficient to establish a § 1983 claim. *Id.* at 14. Absent active involvement in constitutional deprivations, he held, a mere failure to act cannot serve as the basis for liability under § 1983. *Id.* at 14 (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Because Plaintiff failed to allege any affirmative action taken by Dr. Peterson or Dr. Pomputius, Magistrate Judge Kemp separately recommended that the § 1983 claim based on a violation of the Eighth Amendment be dismissed as to them. *Id.* at 14.

Accordingly, Magistrate Judge Kemp recommended that Plaintiff's Eighth Amendment claim be dismissed in full as to all defendants. *Id.* at 14.

In his objection, Plaintiff reiterates that Taylor failed to provide him with the mental health care and follow-up treatment that Plaintiff deemed to be proper. Obj. 5–7, ECF No. 11. Indeed, he argues that the treatment she rendered was so "grossly inadequate" that it amounted to no treatment at all. *Id.* at 6 (citing *Perez v. Oakland Cnty.*, 466 F.3d 416, 424 (6th Cir. 2006); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002)).

However, Plaintiff's reliance on *Perez* and *Terrance* is misplaced for two

reasons. First, Plaintiff fails to meet the high threshold of "grossly inadequate" medical treatment, which must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Runkle v. Fleming*, 435 F. App'x 483, 485 (6th Cir. 2011). As Magistrate Judge Kemp correctly pointed out, there is a significant difference between a complete denial of treatment and treatment that Plaintiff deems as improper or inadequate. R&R 11, ECF No. 10. Plaintiff conceded that he did receive treatment. *Id.* Specifically, his Complaint indicated that he was interviewed by Taylor pursuant to his request and that she placed him on the waitlist for two mental health classes. Compl. ¶ 9, ECF No. 3. The mere fact that Plaintiff disagrees with the particular way he was treated does not establish "grossly inadequate" medical treatment that "shocks the conscience." *See Graham ex rel. Estate of Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 384 (6th Cir. 2004).

Second, "grossly inadequate" medical treatment only satisfies the objective element of the deliberate indifference standard. *Runkle*, 435 F. App'x at 484. To establish deliberate indifference, Plaintiff must also satisfy the subjective element that Defendants had "a sufficiently culpable state of mind in denying medical care." *Id.* Plaintiff did not allege any evidence indicating that Defendants had "a sufficiently culpable state of mind." Specifically, he did not allege any fact showing either that Taylor was subjectively aware of his severe mental health condition by drawing inferences from his "kite" (which only requested mental

health treatment without indicating the severity of his condition) or his interview with her, or that his condition was so severe and obvious that any reasonable person would be aware of it. Absent such showing, Plaintiff cannot prove that Taylor deliberately ignored his serious need for medical treatment. Therefore, Plaintiff's dissatisfaction with the medical treatment he received fails to demonstrate that Taylor exhibited deliberate indifference.

Additionally, with regard to the claims against Dr. Peterson and Dr. Pomputius, Plaintiff alleged only that Dr. Peterson denied his informal complaint, and he did not allege anything at all about Dr. Pomputius except that Dr. Pomputius never treated him. Plaintiff did not allege any affirmative action taken by Dr. Peterson and Dr. Pomputius (for example that he sent a direct request to them for treatment that they refused or that they otherwise saw his "kite" and deliberately ignored his condition). Therefore, Plaintiff cannot establish a valid Eighth Amendment claim under § 1983 against them merely through respondeat superior. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (holding that a supervisor's mere failure to supervise the inferior officials is not actionable because a § 1983 claim must be based on more than respondeat superior). Therefore, Magistrate Judge Kemp did not err in recommending that Plaintiff's Eighth Amendment claim be dismissed.

Accordingly, the Court overrules Plaintiff's objection and dismisses Plaintiff's Eighth Amendment claim.

## B. The First Amendment Claim

To establish a First Amendment retaliation claim, Plaintiff must show: (1) he engaged in constitutionally protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated, at least in part, by Plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Plaintiff alleged in his Complaint that his involuntary transfer to FMC was official retaliation against the exercise of his First Amendment right. Compl. ¶ 12, ECF No. 3. Defendants did not directly respond to this allegation in their Motion to Dismiss. ECF No. 5.

In his response to Defendant's motion to dismiss, Plaintiff argued that by initiating the grievance procedure, he engaged in constitutionally protected conduct. Plaintiff also asserted that his involuntary transfer was an act taken in retaliation for that exercise of his constitutional rights because he was transferred subsequent to his timely filing of a grievance. Resp. 6, ECF No. 7.

Defendants argued in their reply that the involuntary transfer to FMC was not an adverse action because a prisoner has no constitutionally protected interest in being transferred to or housed in a particular place. Reply 2, ECF No. 8. They also argued that Plaintiff failed to set forth any fact showing a causal relationship between Plaintiff's filing of a grievance and his subsequent transfer. *Id.*

Magistrate Judge Kemp found that an involuntary prison transfer typically does not qualify as an adverse action that would deter a person of ordinary firmness from the exercise of his constitutional rights because transfers are common among prisons, and prisoners are expected to endure more than the average citizen. R&R 14–15, ECF No. 10 (citing *Hermansen v. Ky. Dept. of Corr.*, 556 F. App'x 476, 477 (6th Cir. 2014); *Siggers–El v. Barlow*, 412 F.3d 693, 701–02 (6th Cir. 2005)). Rather, he noted, prison transfers constitute adverse actions only in rare circumstances, such as when a prisoner's ability to access the courts is inhibited as a result of the transfer or when a prisoner is transferred to a more dangerous prison. *See id.* at 15 (citing *Morris v. Powell*, 449 F.3d 682, 686–87 (5th Cir. 2006); *Siggers–El*, 412 F.3d at 701–02). Because Plaintiff did not allege that the transfer would inhibit his ability to access the courts or place him in a more dangerous prison, Magistrate Judge Kemp recommended that Plaintiff's First Amendment claim be dismissed for failure to allege an adverse action. *Id.* at 15.

In his Objection, Plaintiff reiterates that filing a grievance is constitutionally protected conduct. Obj. 10, ECF No. 11 (citing *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000)). He also reiterates that there existed a causal relationship between the exercise of his constitutional rights and his subsequent involuntary transfer because at the time of his transfer, other inmates who did not want to be transferred were not required to transfer. *Id.* at 10. However, Plaintiff fails to respond to Magistrate Judge Kemp's recommendation that absent exceptional

circumstances, an involuntary transfer typically does not qualify as an adverse action.

Magistrate Judge Kemp's conclusion that a mere transfer to another prison, without aggravating factors, is not sufficiently adverse to deter a person of ordinary firmness from engaging in the exercise of his constitutional rights was a correct statement of the law. See Friedmann v. Corr. Corp. of Am., 11 F. App'x 467, 470 (6th Cir. 2001). Thus, the mere fact that Plaintiff was transferred or treated differently from other inmates does not support finding an adverse action. See, e.g., Siggers–El, 412 F.3d at 701. Plaintiff does not allege any aggravating factors such as that the transfer would inhibit his ability to access the courts or would put him in a more dangerous prison. Accordingly, Magistrate Judge Kemp correctly recommended that Plaintiff's involuntary transfer does not constitute an adverse action.

Plaintiff also argues on objection that denial of medical treatment constitutes an adverse action. Obj. 10, ECF No. 11. However, as noted above, Plaintiff fails to allege a complete denial of medical treatment as is required to support a constitutional claim.

Accordingly, the Court overrules Plaintiff's objection and dismisses Plaintiff's First Amendment claim.

## IV. CONCLUSION

For the above reasons, Plaintiff's Complaint fails to state a claim for violations of the Eighth Amendment or the First Amendment, and Magistrate

Judge Kemp properly recommended dismissal of Plaintiff's claims. The Court therefore **OVERRULES** Plaintiff's objections, ECF No. 11, **ADOPTS** the R&R, ECF No. 10, and **DISMISSES** Plaintiff's Complaint for failure to state a claim. The Clerk shall enter final judgment for Defendants and terminate the case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**